**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

LESLEY AGUILAR,  §
*Plaintiff*  §
 §  SA-22-CV-00642-XR
-vs-  §
 §
HECTOR COLLAZO-DIAZ,  §
DOORDASH, INC.,  §
*Defendants*  §

## ORDER

On this date, the Court considered Plaintiff's Motion for Order of Substituted Service of Process on Defendant Hector Collazo-Diaz (ECF No. 8). After careful consideration the motion is **GRANTED**.

## BACKGROUND

This lawsuit arises out of injuries that Plaintiff Lesley Aguilar suffered as a result of an automobile collision on October 8, 2021. Plaintiff alleges that she was a passenger in Defendant Hector Collazo-Diaz's vehicle as he was traveling westbound on Rittiman Road in San Antonio, Bexar County, Texas, while working as a delivery driver for Defendant DoorDash, Inc. ("DoorDash"). At the same time, a third-party driver, David Hidalgo, was traveling northbound on IH 35 N Access Road at the intersection of Rittiman Road. Hidalgo proceeded through the intersection when it was his turn. While Hidalgo was traveling through the intersection, Collazo-Diaz failed to yield to the right of way and collided with Hidalgo.

Plaintiff filed her original complaint in this Court on June 21, 2022, alleging a claim for negligence against Collazo-Diaz and asserting that DoorDash was vicariously responsible for Collazo-Diaz's negligence as his employer or, alternatively, as a member of a joint venture with

Collazo-Diaz. ECF No. 1 at 4–6. Plaintiff further alleges that DoorDash is directly liable for her injuries, bringing claims for negligent hiring, training, and supervision. *Id.* at 6–7.

On June 29, 2022, Plaintiff effected service on DoorDash, who timely answered the original complaint three weeks later. *See* ECF No. 5; ECF No. 8 at 2. On October 3, the Court issued a show cause order, observing that the 90-day period in which to serve Collazo-Diaz under Rule 4(m) had expired, and there was no indication that he had been properly served or agreed to waive service. ECF No. 6.

Plaintiff now moves for substituted service, asserting that she has made multiple unsuccessful attempts to serve Collazo-Diaz. ECF No. 8. Plaintiff's motion includes affidavits of a process server, Skylar Wright, who has made seven attempts at personal service on Collazo-Diaz. *See* ECF No. 8-1 at 2 (June 28); ECF No. 8-2 at 2 (July 1, 5, 6); ECF No. 8-3 at 2 (July 30, August 3, 5). It appears that Collazo-Diaz's usual place of abode is unknown, but Plaintiff's counsel was able to identify his sister-in-law's address at 309 Springside Dr. E., Apt 1, Reading, Pensylvannia. ECF No. 8-6, VanNatta Aff. ¶ 3. Wright attempted to serve Collazo-Diaz at this address on June 28, 2022. There was no answer at the door, and Wright left a business card. *Id.* Wright received a response to the card from Collazo-Diaz's sister-in-law, Kaylan Gonzalez, who indicated that Collazo-Diaz had moved out in May but declined to provide any further information. *Id.* On July 1, Wright attempted to serve Collazo-Diaz again, this time at 1218 North Sixth Street, Apartment 2, Reading, Pennsylvania. *See* ECF No. 8-2 at 2. There was no answer at the door. *Id.* Wright taped a business card to mailbox number 2 at the address. *Id.* On July 5, Wright attempted to serve Collazo-Diaz a second time at the North Sixth Street address, and again taped a business card to a mailbox. *Id.* On July 6, Wright attempted to serve Collazo-Diaz for a third time at the same address, but there was no answer at the door. *Id.* On July 30,

2022, Wright attempted to serve Collazo-Diaz at a different location: 1021 Douglass Street, Reading, Pennsylvania. *See* ECF No. 8-3 at 2. There was no answer at the door. *Id.* Wright left a business card. *Id.* Wright attempted service at the Douglass Street address again on August 3 and August 5. Again, there was no answer. *Id.*

Plaintiff now seeks to effect substituted service by leaving a copy of the Summons and Original Complaint with anyone over sixteen years of age at the residence of Collazo-Diaz's sister-in-law and, alternatively, by publication through Facebook. *See* ECF No. 8 at 6–8.

## DISCUSSION

### I.  Substituted Service

"[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Henderson v. United States*, 517 U.S. 654, 672 (1996). "A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Federal Rule of Civil Procedure 4." *Naranjo v. Universal Sur. of Am.*, 679 F. Supp. 2d 787, 795 (S.D. Tex. 2010). Federal Rule of Civil Procedure 4(h) permits service of process on a corporation, partnership, or association in the same manner permitted for service on an individual under Rule 4(e)(1). Rule 4(e)(1) in turn allows service by methods under Texas law.

Texas Rule of Civil Procedure 106 permits primary service by personal service or by certified or registered mail, TEX. R. CIV. P. 106(a)(1)–(2), and permits certain methods of substituted service when primary service methods prove unsuccessful, *id.* 106(b). Texas Rule of Civil Procedure 106(b) provides that substituted service may be effected: (1) by leaving a copy of the documents with anyone over sixteen years of age at the location of the defendant's usual

place of business or usual place of abode as specified by affidavit, or (2) in any other manner deemed to be reasonably effective to give the defendant notice, including social media, email, or other technology. *Id.* (b)(1)–(2). Nonetheless, Texas law prefers personal service over substituted service because greater reliability inheres in personal service. *Taylor v. State*, 293 S.W.3d 913, 915–16 (Tex. App.–Austin 2009, no pet.). Thus, only after service by one of the two methods provided in Rule 106(a) fails may a court, upon a motion supported by proper affidavit, authorize substituted service. *State Farm Fire & Cas. Co. v. Costley*, 868 S.W.3d 298. 98-99 (Tex. 1993). That affidavit must:

> [S]tat[e] the location of the defendant's usual place of business or usual place of abode or other place where the defendant can probably be found and stat[e] specifically the facts showing that service has been attempted under either (a)(1) [personal delivery] or (a)(2) [registered or certified mail] at the location named in such affidavit but has not been successful.

TEX. R. CIV. P. 106(b). Substituted service may be authorized only if the supporting affidavit "strictly complies" with Texas Rule 106(b)'s requirements. *Mockingbird Dental Grp., P.C. v. Carnegie*, No. 4:15-cv-404-A, 2015 WL 4231746, at *1 (N.D. Tex. July 10, 2015) (citing *Wilson v. Dunn*, 800 S.W.2d 833, 836 (Tex. 1990)).

When the residence of a party defendant is unknown, or the party defendant is a transient person, and after due diligence, the plaintiff has been unable to locate the party defendant, the court is authorized to issue service of the defendant by publication. *See* TEX. R. CIV. P. 109. Courts have authorized substituted service by publication through social media when the defendant cannot be located by means of a diligent search. *See, e.g.*, *Cothran v. Koomson*, No. 4:20-CV-00481-SDJ-CAN, 2021 WL 9095766, at *3-4 (E.D. Tex. Oct. 6, 2021); *Joe Hand Promotions, Inc. v. Wash That Baby, LLC*, No. MO:21-CV-211-DC-RCG, 2022 WL 2761734, at

*3 (W.D. Tex. May 9, 2022); *Chrisenberry v. Ketcher*, No. MO:21-CV-146-DC-RCG, 2022 WL 2762219, at *2 (W.D. Tex. May 18, 2022).

In support of her motion for substituted service, Plaintiff points to the affidavits of non-service executed by Skylar Wright, which provide three locations where Collazo-Diaz could probably be found, including his former abode at his sister-in-law's residence. *See* ECF Nos. 8-1, 8-2, 8-3. The affidavits further state specific facts showing that personal service has been attempted at these locations and has not been successful.[1] *See id.* This satisfies the requirements of Rule 106 to authorize substituted service. Thus, the Court must determine what form of substituted service will "be reasonably effective to give the defendant notice" of the claims against him. TEX. R. CIV. P. 106(b).

Plaintiff may serve Collazo-Diaz by leaving a true copy of the Summons, the Original Complaint, and this Order, with anyone over sixteen years of age at his sister-in-law's residence, located at 309 Springside Drive, Apartment 1, Reading, Pennsylvania 19607, with additional service by first class regular mail. Because Collazo-Diaz's sister-in-law previously informed the process service that he no longer resides at this address and Plaintiff has otherwise been unable to locate him after due diligence, however, the Court concludes that additional service by publication through social media is warranted here. *See* TEX. R. CIV. P. 109; ECF No. 8 at 2–3 (detailing attempts at personal service on Collazo-Diaz at three separate addresses). Plaintiff's motion includes a screenshot of a Facebook account bearing the name "Hector Collazo." ECF No. 8-4 at 2. Plaintiff has confirmed that the account belongs to Defendant Collazo-Diaz. ECF

---

[1] Rule 106 requires the plaintiff to demonstrate only unsuccessful attempts at personal service or service by mail; it does not require both.

No. 8-6, VanNatta Aff. ¶ 9.[2] Together, these forms of substituted service will be reasonably effective to give the Defendant Collazo-Diaz notice of the claims against him. TEX. R. CIV. P. 106(b).

## II.    Extension of Time

Rule 4(m) of the Federal Rules of Civil Procedure provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). To show good cause, a party must demonstrate "*at least* as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice[.]" *Winters v. Teledyne Movible Offshore, Inc.*, 776 F.2d 1304, 1306 (5th Cir. 1985). Additionally, there usually must be "some showing of 'good faith on the part of the party seeking an enlargement *and* some reasonable basis for noncompliance within the time specified[.]'" *Id.* (quoting 10 WRIGHT & MILLER *Federal Practice and Procedure: Civil* § 1165 at 622). The Court may also exercise its discretion to

---

[2] The Supreme Court of Texas directs courts considering substituted service by publication through social media to ask "whether the technology actually belongs to the defendant and whether the defendant regularly uses or recently used the technology." *See* Order Amending Texas Rules of Civil Procedure 106 and 108a, Misc. Docket No. 20-9103 (Tex. Aug. 21, 2020). Other courts have confirmed an account user's identity by comparing locations or businesses associated with both the account and the defendant. *See, e.g.*, *Chrisenberry*, 2022 WL 2762219, at *2 (noting that the process server's affidavit stated that "[t]he social media account indicates that the owner of the social media account lives in Tulsa, Oklahoma. It is this area and surrounding that Levi Ketcher has had his last known addresses."); *Cothran*, 2021 WL 9095766, at *4 ("The copy of said Facebook account identifies Defendant's location as 'Tema, Ghana,' which is proximate to the location where Defendant purportedly received funds as part of the pleaded fraud 'perpetrated primarily through social media communication on Facebook, and email communication'"); *Wash That Baby, LLC*, 2022 WL 2761734, at *2 ("[S]creen shots showing that the Facebook Page with username 'George Ali' identif[y] its owner as the Chief Executive Officer at Alibuck Enterprise, Ltd., the same entity in which Defendant Ali is identified as President [elsewhere in the record].")." While Plaintiff's motion does not include evidence that the account user resides in Pennsylvania or is associated with DoorDash, for example, Plaintiff has confirmed that the account belongs to Collazo-Diaz. Given that Plaintiff was a passenger in Collazo-Diaz's car at the time of the accident, Plaintiff's identification of the Facebook profile is sufficient to establish that the account belongs to Collazo-Diaz.

allow an extension, even when no good cause is shown. *Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996).

Plaintiff's motion for substituted service detail her multiple attempts to serve Collazo-Diaz. *See* ECF No. 8 at 2–3. The Court finds that these multiple attempts establish sufficient good cause for an extension of time.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion (ECF No. 8) is **GRANTED**. Plaintiff may serve Defendant Hector Collazo-Diaz by leaving a true copy of the Summons, the Original Complaint, and this Order, with anyone over sixteen years of age at the property located at 309 Springside Drive, Apartment 1, Reading, Pennsylvania, with additional service by first class regular mail.

Service shall also be made on Defendant Hector Collazo-Diaz by serving the summons through his Facebook account, which was identified in Plaintiff's motion as bearing the username "Hector Collazo." *See* ECF No. 8-4 at 2. Plaintiff shall send a copy of the Summons, the Original Complaint, and this Order, to Hector Collazo-Diaz at the above Facebook account.

Plaintiff shall file proof of service **no later than November 14, 2022**, or seek an extension of time to do so.

It is so **ORDERED**.

**SIGNED** this 13th day of October, 2022.

_____

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE